UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MEIJER STORES LIMITED PARTNERSHIP <br><br> Defendant. | CASE NO. 1:02 CV 0650 <br> Hon. Richard Alan Enslen <br> U.S. District Judge <br><br> Magistrate Judge <br><br><br> COMPLAINT AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of religion, and to provide appropriate relief to Debra Kerkstra who was adversely affected by such practices.

The EEOC alleges that the Defendant Employer failed to provide a reasonable accommodation to the known religious practices of Kerkstra, who follows the Christian Reformed religion. Additionally, the Defendant Employer unlawfully terminated Kerkstra because her religious practices conflicted with an employment requirement.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707(e)

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) and 42 U.S.C. 2000e-6(e) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707(e) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 2000e-6(e).

4. At all relevant times, Defendant, Meijer Stores Limited Partnership (the "Employer"), has continuously been a corporation doing business in the State of Michigan and the City of Plainwell, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Debra Kerkstra filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May of 2001, Defendant Employer has engaged in unlawful employment practices at its Plainwell, Michigan facility, in violation of Section 703(a), 42 U.S.C. § 2000e-2(a), and Section 704(a), 42 U.S.C. § 2000e-3(a). The Defendant's unlawful employment

practices include the unlawful failure to provide a reasonable accommodation to the known sincerely held religious beliefs of Kerkstra, to wit: the belief that she should not work on Sundays. Such unlawful employment practices also include terminating Kerkstra because her sincerely held religious belief conflicted with an employment requirement.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Kerkstra of equal employment opportunities and to otherwise adversely affect her status as an employee because of her religion, Christian Reformed.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. As the result of the unlawful employment practices, Kerkstra has suffered emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

11. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Kerkstra.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of all religions, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to implement an effective religious accommodation policy and

distribute information about that policy to its employees.

D. Order the Defendant Employer to make whole Kerkstra, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole Kerkstra by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above in amounts to be proven at trial.

F. Order Defendant Employer to make whole Kerkstra by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above in amounts to be proven at trial.

G. Order Defendant Employer to pay Kerkstra punitive damages for its malicious or reckless conduct described in paragraph 7 above, in amounts to be proven at trial.

H. Order Defendant Employer to provide training to its supervisors and mangers of their obligations under Title VII to provide religious accommodations.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

NICOLAS M. INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

OFFICE OF GENERAL COUNSEL

Trial Services Division
1801 "L" Street, N.W.
Washington, D.C. 20507

9/3/02
DATE

*Adele Rapport* (signature)
ADELE RAPPORT (P44833)
Regional Attorney

STANLEY H. PITTS (P33519)
Supervisory Trial Attorney

OMAR WEAVER (P58861)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT DISTRICT OFFICE
Patrick V. McNamara Bldg.
477 Michigan Avenue, Rm. 865
Detroit, Michigan 48226
Telephone: 313/226-3407